Filed 3/9/26  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086167 |
| v. | (Super.Ct.No. FWV22001310) |
| ERIC LEWIS PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Eric Lewis Perez appeals the trial court's judgment, after pleading no contest to attempted murder (Pen. Code[1], §§ 664/187, subd. (a)) and admitting several sentencing enhancements.  We affirm.

FACTUAL BACKGROUND[2]

The victim was standing at a gas station, when defendant, who was unknown to him, approached him, pulled out a knife, and stabbed him in the neck and arms.

PROCEDURAL BACKGROUND

On April 18, 2022, a felony complaint was filed against defendant, alleging that he committed attempted murder (§§ 664/187, subd. (a), count 1), and that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly weapon (§ 12022, subd. (b)(1)).  The complaint further alleged he had one prior strike conviction. (§§ 1170.12, subds. (a)-(d) & 667, subd. (b)-(i).)

On July 25, 2022, defendant requested, and was referred for, Mental Disorder Diversion (MDD).  On August 26, 2022, the Department of Behavioral Health filed with the court a form letter indicating that defendant had been evaluated and met the criteria for the Community Supervised Treatment After Release program.  A mental health report

---

[1]  All further statutory references will be to the Penal Code, unless otherwise indicated.

[2]  This brief summary of the facts is taken from the preliminary transcript, which the parties stipulated would provide a factual basis for the plea, along with the police reports and defendant's prior rap sheet.

authored by Dr. Patricia Kirkish, who had performed a clinical interview of defendant and reviewed his police records, was also filed.

Dr. Kirkish noted records revealing that, in 2020, defendant declined a mental health screening and evaluation and refused any treatment for psychiatric issues. In 2021, he declined mental health services, and in 2022, he declined mental health screenings multiple times. During an interview with a clinician in 2022, defendant insisted he had no mental health issues. When asked about manic symptoms, defendant denied any grandiose thoughts or periods of hyperactivity, but stated that when he went without sleep, he became paranoid and secluded himself. While in prison in 2022, defendant was diagnosed with an "Unspecified Mood Disorder." As to substance use, defendant said he started drinking alcohol at age seven and subsequently smoked marijuana and used methamphetamine, abused phencyclidine, and used cocaine.

Dr. Kirkish observed that, throughout the interview, defendant was "alert and oriented to reality." However, she also noted that he elaborated on "persecutory, paranoid delusions" and hallucinations. Dr. Kirkish opined that a residential recovery program would be helpful for defendant, noting that he functioned with a normal intellectual range.

On September 30, 2022, the court conducted an MDD hearing. Although it was "convinced that [defendant] suffer[ed] from a qualifying mental illness including substance abuse disorder and schizophrenia spectrum disorder," and "the mental illness

3

probably had a significant impact on this crime," the court concluded he would pose a risk of danger to public safety. The court denied defendant's request without prejudice.

On May 8, 2023, an information was filed, alleging the same charge and enhancements as the felony complaint.

On September 12, 2023, defendant requested MDD again.

On December 22, 2023, the court held another MDD and denied defendant's request, expressing concern about his criminal history, lack of insight into his mental illness, and dangerousness.

On March 8, 2024, a first amended information was filed, alleging the same charge and enhancements as before, and adding the allegation that defendant had a prior serious felony conviction. (§ 667, subd. (a)(1).)

On March 7, 2025, pursuant to a plea agreement, defendant pled no contest to attempted murder without premeditation, which was added as count 2, and admitted the prior serious felony conviction, the prior strike, and the use of a deadly weapon.

On April 8, 2025, pursuant to the plea agreement, the court sentenced defendant to the low term of five years on count 2, doubled pursuant to the prior strike, plus a consecutive five years for the prior felony conviction (§ 667, subd. (a)), and a consecutive one year on the weapon enhancement (§ 12022, subd. (b)(1)), for a total of 16 years in state prison. The court dismissed the remaining charge and allegations.

On May 19, 2025, defendant filed a notice of appeal without a request for a certificate of probable cause.

4

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether defendant can seek the dismissal of all enhancements and receive a base term of five years; and (2) whether the trial court properly denied his request for mental health diversion. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.


RAPHAEL
J.

5